**Electronically Filed
Supreme Court
SCAP-13-0005253
26-MAY-2017
07:45 AM**

SCAP-13-0005253

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

_____

JULIE M. SIGWART, Individually and as Trustee
of the Revocable Living Trust Dolphin Star Trust
Dated December 10, 2003, and JAMES L.K. DAHLBERG,
Plaintiffs-Appellants,

vs.

THE LAW OFFICE OF DAVID B. ROSEN, A LAW CORPORATION,
DAVID B. ROSEN, and DOE DEFENDANTS 1-50,
Defendants-Appellees.

_____

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CAAP-13-0005253; CIV. NO. 13-1-2097-07)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Recktenwald, C.J., Nakayama, McKenna, Pollack, and Wilson, JJ.)

This case arises from the foreclosure sale of the properties of Plaintiffs-Appellants Julie M. Sigwart (Sigwart) and James L. K. Dahlberg (Dahlberg). Both Sigwart's and Dahlberg's mortgages contained a power of sale clause that allowed non-judicial foreclosures. After Sigwart and Dahlberg defaulted on their mortgages, Attorney David B. Rosen (Rosen)

was retained by the foreclosing mortgagees to carry out non-judicial foreclosures under Part I of HRS Ch. 667 (2008).

To foreclose on Sigwart's property, Rosen published the notice of sale on July 3, 10, and 17, 2009; the notice of sale indicated a sale date of July 31, 2009.  Although Sigwart's property was located in the County of Maui, the notice of sale was published in a publication with circulation in the County of Hawai'i and no general circulation in the County of Maui.  The sale of Sigwart's property was postponed from July 31, 2009 to August 28, 2009 through "mesne postponements" that were cried out between July 31 and August 28, 2009.[1]  Rosen did not publish any notices of the continued sale dates.  At the August 28, 2009 sale, U.S. Bank, N.A., the claimed holder of the note secured by the mortgage, was the sole bidder with a bid of $383,712.13.

To foreclose on Dahlberg's property, Rosen published a notice of sale on August 13, 20, and 27, 2010; the notice of sale indicated a sale date of September 10, 2010.  The sale of Dahlberg's property was also postponed through "mesne postponements" that were cried out at the original sale.  Rosen did not publish any notices of the continued sale date.  At the January 7, 2011 sale, Wells Fargo Bank, N.A., the claimed holder

---

[1]     The record does not reveal the specific dates on which the postponements were cried out, only that they were within this range. The Affidavit of Foreclosure filed with the Bureau of Conveyances stated only that a "postponement was cried on July 31, 2009, original sale.  Sale was postponed to August 28, 2009 by mesne postponements."

of the note secured by Dahlberg's Mortgage, was the highest bidder with a bid of $225,000.

Sigwart and Dahlberg filed a complaint against Rosen on July 31, 2013, alleging that Rosen had failed to properly advertise and conduct the non-judicial foreclosure sales of their properties in violation of the duties under plaintiffs' mortgages, statutory law (including HRS §§ 667-5 and 667-7), common law, and the consumer protection statute, HRS § 480-2 (2008). Sigwart and Dahlberg amended the complaint on August 23, 2013 to add further allegations.

Rosen filed a motion to dismiss the first amended complaint on September 4, 2013. Rosen argued, inter alia, that: (1) publication of the postponement notice was not required by Hawai'i law; (2) the initial sales were scheduled after the expiration of four weeks from the date first advertised in the notice of sale and complied with HRS § 667-7 (Supp. 2008); and (3) Sigwart and Dahlberg lacked standing to maintain a HRS chapter 480 claim because they were not Rosen's clients and were not owed a duty of care by their lender's attorney. The first Circuit Court granted Rosen's motion to dismiss the complaint, and final judgment was entered on October 30, 2013. Sigwart and Dahlberg appealed to the Intermediate Court of Appeals. They argued, inter alia, that Rosen's actions in violation of the nonjudicial foreclosure statute's publication requirements were

3

unfair and deceptive and therefore gave rise to a UDAP claim and that they had standing to bring such a claim. The case was later transferred to this court.

Because this case was dismissed pursuant to Hawai'i Rules of Civil Procedure Rule 12(b)(6), we take the facts alleged by Sigwart and Dahlberg as true. Hungate v. Law Office of David B. Rosen, 139 Hawai'i 394, 401, 391 P.3d 1, 8 (2017)(citation omitted). In addition, we view the allegations in the light most favorable to the plaintiffs "in order to determine whether the allegations contained therein could warrant relief under any alternative theory." In re Estate of Rogers, 103 Hawai'i 275, 280, 81 P.3d 1190, 1195 (2003)(citation omitted).

Sigwart and Dahlberg contend the circuit court erred in granting Rosen's motion to dismiss. We disagree. We recently held that the statutory requirements of former HRS §§ 667-5 and 667-7 do not give rise to a private right of action against a foreclosing mortgagee's attorney. Hungate, 139 Hawai'i at 405-07, 391 P.3d at 12-14. In addition, given the circumstances alleged in that case, we declined to recognize an unfair or deceptive acts or practices (UDAP) claim against Rosen as the foreclosing mortgagee's attorney. Id. at 412-413, 391 P.3d at 19-20; HRS § 480-2.

4

We premised our holding concerning Hungate's UDAP claim, in part, on our "desire to avoid creating unacceptable conflicts of interest in this context, to protect attorney-client counsel and advice from the intrusion of competing concerns, and to allow adequate room for zealous advocacy . . . . " Id. at 413, n.22, 391 P.3d at 20, n.22. While we recognize that those concerns do "not encompass, for example, allowing attorneys to conduct patently illegal activities on behalf of clients," id., the allegations in Sigwart and Dahlberg's complaint do not rise to the level of patently illegal activities conducted by Rosen.

Dismissal under HRCP Rule 12(b)(6) is appropriate where "the allegations of the complaint itself clearly demonstrate that plaintiff does not have a claim." Touchette v. Ganal, 82 Hawai'i 293, 303, 922 P.2d 347, 357 (1996). Accordingly, we hold that the circuit court properly granted Rosen's motion to dismiss.

5

IT IS HEREBY ORDERED that the circuit court's October 30, 2013 final judgment is affirmed.

DATED: Honolulu, Hawai'i, May 26, 2017.

| | |
|---|---|
| James J. Bickerton | /s/ Mark E. Recktenwald |
| John F. Perkin | |
| Stanley H. Roehrig | /s/ Paula A. Nakayama |
| Van-Alan Shima | |
| for Plaintiffs- | /s/ Sabrina S. McKenna |
| Appellants | |
| | /s/ Richard W. Pollack |
| David B. Rosen | |
| Peter W. Olson | /s/ Michael D. Wilson |
| Christopher T. Goodin | |
| for Defendants- | |
| Appellees | |

